UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SHAY SOLENTO IRWIN,

               Petitioner,

v.                                           CASE NO. 07-11821
                                           HONORABLE GEORGE CARAM STEEH

RAYMOND BOOKER,

               Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR A STAY AND CLOSING CASE FOR STATISTICAL PURPOSES

Petitioner Shay Solento Irwin has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenges several state convictions obtained in Saginaw County, Michigan. Respondent urges the Court in an answer to the habeas petition to deny relief on the grounds that Petitioner's claims are unexhausted, not cognizable on habeas review, or meritless. Currently pending before the Court is Petitioner's motion to hold his case in abeyance pending further exhaustion of state remedies.

### I. Background

Petitioner was convicted in Saginaw County Circuit Court of: assault with intent to rob while armed, Mich. Comp. Laws § 750.89; conspiracy to commit armed robbery, Mich. Comp. Laws §§ 750.157a and 750.529; conspiracy to possess over 650 grams of cocaine, Mich. Comp. Laws §§ 750.157a and 333.7403(2)(a)(i); felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and four counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. On June 30, 2004, the trial court sentenced Petitioner as a habitual

offender to four concurrent terms of two years in prison for the felony firearm convictions, followed by concurrent terms of twenty-three years and three months to fifty years in prison for the assault and conspiracy convictions and four to seven or seven and a half years in prison for the felon-in-possession conviction. On appeal from his convictions, Petitioner challenged the sufficiency of the evidence to support his conviction for assault with intent to rob while armed. He also challenged the sentencing court's scoring of offense variables 3 and 14 on state law grounds. The Michigan Court of Appeals affirmed Petitioner's convictions, *see People v. Irwin*, No. 257405 (Mich. Ct. App. Jan. 24, 2006), and on July 31, 2006, the Michigan Supreme Court denied leave to appeal. *See People v. Irwin*, 476 Mich. 855; 718 N.W.2d 350 (2006).

Petitioner filed his habeas corpus petition on April 26, 2007. He alleges that none of his convictions were supported by sufficient evidence. He also alleges that the trial court erred by overruling his objections to the scoring of offense variables 3 and 14.

## II. Discussion

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies" for his claims. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing 28 U.S.C. § 2254(b)(1)). The prisoner must invoke one complete round of the state's established appellate review procedures, including application to a state supreme court with powers of discretionary review when that review is part of the state's ordinary appellate review procedure. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 847 (1999).

Petitioner concedes in his motion to stay these proceedings that he has not exhausted state remedies for all his claims. For example, he challenged the sufficiency of the evidence for only one of his convictions in state court, whereas, he challenges the sufficiency of the evidence for all

his convictions in the habeas petition. In addition, Petitioner challenged his sentence on state law grounds in the Michigan Court of Appeals, but he raises a new Sixth Amendment claim in his habeas petition.

Absent unusual or exceptional circumstances, a federal district court must dismiss habeas petitions containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *O'Guinn v. Dutton*, 88 F.3d 1409, 1412-13 (6th Cir. 1996). This leaves the petitioner with the option of returning to state court to exhaust state remedies or of filing an amended petition in federal court with only the exhausted claims. *Rose,* 455 U.S. at 510. Petitioner has opted to return to state court to further exhaust state remedies.

A dismissal of this action could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d); *Pliler v. Ford*, 542 U.S. 225, 230 (2004). The Court therefore is not precluded from staying these proceedings pending the complete exhaustion of state remedies. "Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims, see 28 U.S.C. § 2254(b)(2) . . . ." *Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring).

A stay is appropriate here because, even though Petitioner has not explained his failure to raise all his claims on direct appeal, he does not appear to be engaged in abusive litigation tactics or intentional delay. Although his sentencing claims probably are not grounds for habeas relief, his sufficiency-of-the evidence claims are not plainly meritless. Therefore, it would not be an abuse of discretion to hold Petitioner's claims in abeyance and to permit Petitioner to pursue

additional state remedies for his unexhausted claims. *Cf. Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Accordingly, Petitioner's motion to hold this case in abeyance [Doc. 8, Dec. 5, 2007, is GRANTED.

The Court's stay is conditioned on Petitioner filing a motion for relief from judgment*, see* Mich. Ct. R. 6.502, in the trial court **within sixty (60) days** of the date of this order if he has not already done so. If he is unsuccessful in state court, he may seek to reinstate this action, provided that he does so within **sixty (60) days** of exhausting state remedies.

The Clerk of Court shall close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of Petitioner's claims.

Dated: January 3, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 3, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk