UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAY SOLENTO IRWIN,

        Petitioner,

v.                                      CASE NO. 07-11821
                                         HONORABLE GEORGE CARAM STEEH

RAYMOND BOOKER,

        Respondent.
_____/

### ORDER DENYING PETITIONER'S SECOND MOTION
### TO HOLD HIS HABEAS PETITION IN ABEYANCE

This is a habeas corpus case under 28 U.S. C. § 2254. Petitioner Shay Solento Irwin initiated this action in 2007 by filing a *pro se* habeas corpus petition under 28 U.S.C. § 2254. He claimed that the evidence was insufficient to support his assault, conspiracy, and firearm convictions and that the trial court incorrectly scored two offense variables of the Michigan sentencing guidelines. Respondent claimed in an answer to the petition that Petitioner had not exhausted state remedies for all his sub-claims. Petitioner then moved to hold his petition in abeyance while he exhausted additional state remedies for his claims. The Court granted Petitioner's motion, and Petitioner pursued state collateral remedies. On September 29, 2009, Petitioner returned to this Court and filed a brief in support of his petition. The Court reinstated this case, and Respondent filed a supplemental answer on April 19, 2010.

Currently pending before the Court is Petitioner's second motion to hold this case in abeyance. He seeks to exhaust state remedies for two new claims regarding the lack of a *Ginther*

hearing[1] in state court and the state district court's failure to suppress his statements to the police.	State prisoners must fairly present all their claims to the state court of appeals and to the state supreme court before raising those claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Federal district courts have authority to issue stays to enable a prisoner to exhaust state remedies, but a stay is permissible only if (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in abusive litigation tactics or intentional delay. *Rhines v. Weber*, 544 U.S. 269, 276-78 (2005).

Petitioner has not shown "good cause" for his failure to raise his new claims in his motion for relief from judgment and the subsequent appeals. Furthermore, a criminal defendant in Michigan may not file a second or subsequent motion for relief from judgment unless the motion is based on a retroactive change in the law or on newly discovered evidence. Mich. Ct. R. 6.502(G)(2). Petitioner's new claims do not allege a retroactive change in the law and are not based on newly discovered evidence.

The Court concludes that Petitioner does not have an effective state remedy to exhaust and is not entitled to have his federal habeas case held in abeyance a second time. Accordingly, Petitioner's second motion to hold the habeas petition in abeyance [Dkt. #16, filed April 21, 2010] is **DENIED**. The Court will adjudicate Petitioner's claims without further notice.

Dated: January 10, 2011

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

[1] *See People v. Ginther*, 390 Mich. 436 (1973).

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 10, 2011, by electronic and/or ordinary mail and also to Shay Irwin at the Michigan Reformatory, 1342 W. Main Street, Ionia, MI 48846.

S/Josephine Chaffee
Deputy Clerk